IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ralph Watts, Jr., | ) | CASE NO. 1: 25 CV 117 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Ohio Department of Insurance, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Background**

*Pro se* Plaintiff Ralph Watts, Jr., a Cleveland, Ohio resident, filed this civil action against the Ohio Department of Insurance ("ODI") and ODI Director Judith L. French. (Doc. No. 1.) His 88-page complaint is rambling and unclear and does not set forth cogent allegations. But on the face of his complaint, Plaintiff seeks monetary damages against Defendants on state-law causes of action for negligence and misrepresentation. (*See id.* at Page ID ## 27, 41, 81.) Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the following reasons, his complaint is dismissed.

**Standard of Review and Discussion**

Although *pro se* pleadings must be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment generally accorded *pro se* plaintiffs "has limits." *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416

(6th Cir. 1996). *Pro se* pleadings must still meet basic pleading requirements, and courts are not required to conjure allegations or create claims on behalf of *pro se* litigants. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

And district courts are expressly required, under 28 U.S.C. § 1915(e)(2), to screen all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 470-71. In order to survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, to state a claim in federal court, the allegations in the complaint must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims [against them] are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008).

Additionally, federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."

*Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon review, the Court finds that Plaintiff's complaint must be dismissed in accordance with Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2).

First, the unclear and conclusory allegations and statements set forth in Plaintiff's pleading fail to meet basic pleading requirements necessary to state a claim in federal court or provide Defendants fair notice of the basis for his claims. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *see also Watts v. Williamsburg Natl. Ins. Co., et al.*, No. 1: 17-cv-2473, 2018 WL 11462337 (N.D. Ohio Mar. 16, 2018) (dismissing prior similar complaint filed by Plaintiff in federal court pursuant to 28 U.S.C. § 1915(e) for failing to satisfy federal pleading requirements).

Second, even liberally construed, Plaintiff's complaint does not state a plausible claim over which the Court may exercise jurisdiction.

There are two basic categories of cases over which federal courts have subject- matter jurisdiction. A federal court has jurisdiction over cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). A federal court also has "diversity" jurisdiction over cases "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different

states." 28 U.S.C. § 1332.

Plaintiff's complaint does not allege a discernible cause of action arising under federal law. The only causes of action alleged on the face of his complaint are state-law causes of action for negligence and misrepresentation. But he has not demonstrated a basis for the Court to exercise diversity jurisdiction because his complaint on its face indicates that he and Defendants are both citizens of Ohio. (*See* Doc. No. 1 at 1.)

Further, the Eleventh Amendment to the Constitution operates as a bar to federal court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). ODI is an instrumentality of the State of Ohio, which has not waived its sovereign immunity in federal court. Accordingly, the Eleventh Amendment bars Plaintiff's suit to the extent he seeks damages from ODI and Director French in her official capacity. *See Hunter v. Taylor*, No. 2: 15-cv-2607, 2015 WL 5873291, at *2 (S.D. Ohio Oct. 8, 2015), R&R adopted, 2015 WL 6506625 (N.D. Ohio Oct. 28, 2015); *Johnson v. State of Ohio*, No. 2: 24-cv-1527, 2025 WL 948818, at *6 (S. D. Ohio Mar. 29, 2023) (holding that state-law claim asserted against State of Ohio and state officials acting in their official capacities is barred by the Eleventh Amendment).

To the extent Plaintiff sues Director French in her individual capacity, the Court lacks jurisdiction over his claims because, under Ohio law, the Ohio Court of Claims must first determine whether a state employee is entitled to personal immunity. *See, e.g., McCormick v. Miami University*, 693 F.3d 654, 664 (6th Cir. 2012) (discussing Ohio Revised Code §§ 9.86 and 2743.02(F)); *Johnson*, 2025 WL 948818, at *6 (same). Plaintiff has not alleged or demonstrated

that the Ohio Court of Claims has determined whether Director French is entitled to immunity for conduct he alleges. Therefore, the Court lacks jurisdiction over Plaintiff's claims against the Director in her individual capacity. *See id.* (both holding that federal courts lacks jurisdiction over state law claims alleged against Ohio employees in their individual capacities where the plaintiffs failed to show that the Ohio Court of Claims first determined the issue of immunity).

## Conclusion

For all of the foregoing reasons, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(h)(3) for failure to state a plausible claim over which the Court may assert jurisdiction. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: April 10, 2025